IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK05-43546-TJM |
| ) | |
| SHADE, INC., ) | CH. 7 |
| ) | |
| Debtor. ) | |
| JACK L. IRWIN, ) | ADV. NO. 08-4033-TLS |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WEST GATE BANK and, ) | |
| JOSEPH H. BADAMI, as Trustee of the ) | |
| Bankruptcy Estate of Shade, Inc., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Hearing was held in Lincoln, Nebraska, on June 26, 2008, on a Motion to Dismiss Adversary Proceeding filed by Defendant West Gate Bank (Fil. #14), an Amended Motion for Remand filed by Plaintiff Jack L. Irwin (Fil. #9), and a Motion to Dismiss Party filed by Defendant Joseph H. Badami (Fil. #4). Terry K. Barber appeared for Plaintiff, James Overcash appeared for Joseph H. Badami ("Badami"), and Brian S. Kruse appeared for West Gate Bank ("West Gate").

On September 9, 2005, Shade, Inc. ("Debtor") filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Nebraska, Case No. BK05-43546. The case was later converted to a Chapter 7 proceeding and Defendant Joseph H. Badami was appointed Trustee of the bankruptcy estate.

On July 31, 2006, Badami filed a motion in the bankruptcy case to sell various items of Debtor's personal property ("Shade Property") at public auction. The Shade Property was located on real estate owned by Plaintiff and leased to Debtor. Plaintiff resisted Badami's motion to sell, but participated in the auction and bid on the Shade Property. Plaintiff was not the high bidder and the Bankruptcy Court ultimately confirmed the sale of the Shade Property to Advanced Polymer Coatings, Ltd. ("APC") for a price of $181,000.00. Plaintiff filed a motion to reconsider the sale, and then appealed the order (Fil. #168 in Case No. BK05-43546), which ruling was subsequently affirmed by the United States District Court for the District of Nebraska in May 2007 (Fils. #223 and #224).

In September 2006, APC attempted to remove the Shade Property from Plaintiff's building, but Plaintiff disputed the removal and refused to allow APC access to the building. Badami brought

the matter to the attention of the Court which ordered Plaintiff to allow APC to remove the Shade Property without interference (Fil. #185 in Case No. BK05-43546).

In January 2007, after APC had removed the Shade Property from Plaintiff's building, Plaintiff filed an application for administrative expenses seeking $221,456.73. Plaintiff asserted that APC damaged and/or converted items of Plaintiff's property during the removal of the Shade Property, and specifically claimed $121,553.00 for personal property and fixtures owned by Plaintiff that were removed from the buildings "with the implied approval and consent of the Trustee" and $19,939.88 for damage to Plaintiff's real property (Fils. #205 and #215 in Case No. BK05-43546).

The Court ruled that Badami and the bankruptcy estate were not responsible for the alleged actions of the purchaser and denied any administrative claim for damages caused by the purchaser in removal of the Shade Property and denied any claim against the bankruptcy estate for removal of any of Plaintiff's property. The only administrative claim this Court allowed was for post-petition rent, utilities, and repairs of frozen water pipes (Fil. #238 in Case No. BK05-43546). Plaintiff did not appeal that decision.

On the same day that Plaintiff's administrative claim related to the removal of property was denied, this Court also entered an order authorizing Badami to distribute the net proceeds to West Gate, the apparent secured creditor. Plaintiff had urged that West Gate had relinquished its security interest and entitlement to the collateral proceeds by execution of a document entitled "Abandonment." Plaintiff asserted that as a result of the abandonment document, he had an interest in the proceeds which took priority over that of West Gate. The order overruling Plaintiff's objection stated:

> The "ABANDONMENT" document is not an assignment of a perfected security interest and it is not a release of the perfected security interest. The document may give Mr. Irwin some claim against West Gate Bank, but as between the trustee and the secured creditor, it is the trustee's obligation to turn over the proceeds and the personal property to the secured creditor.

Accordingly, Badami paid the net proceeds to West Gate.

Plaintiff commenced this adversary proceeding in the District Court of Lancaster County, Nebraska, Case No. CI08-1608. Badami caused it to be removed to this docket. In this action, Plaintiff seeks compensation and damages arising from APC's conversion of certain fixtures belonging to Plaintiff and destruction of Plaintiff's fixtures and other personal property. Plaintiff also seeks damages resulting from the payment of the auction sale proceeds from the Shade Property to West Gate. Plaintiff has asserted those claims in six "claims for relief," including declaratory judgment, breach of fiduciary duty, conversion, breach of contract, unjust enrichment, and constructive trust.

Badami and West Gate urge that the issues raised in this proceeding have previously been litigated and are barred by the doctrines of res judicata and issue preclusion. Badami further urges that he is immune from suit since he was at all times acting pursuant to Court orders.

### *Plaintiff's Claims Against Badami*

Badami, acting as the Chapter 7 Trustee, sold the Shade, Inc., property to APC pursuant to a Court order (Fil. #163 in Case No. BK05-43546). Plaintiff objected to the sale and appealed the sale order to the United States District Court for the District of Nebraska. The order was affirmed by that court in May 2007 (Fils. #223 and #224 in Case No. BK05-43546). Badami did not sell to APC any property belonging to Plaintiff. Badami sold only the property belonging to Shade, Inc., and did so pursuant to a Court order. Badami distributed the net proceeds to West Gate Bank, again pursuant to a Court order over the objection of Plaintiff (Fil. #237 in Case No. BK05-43546). Plaintiff appealed the decision to the Bankruptcy Appellate Panel, which appeal was dismissed (Fil. #250 in Case No. BK05-43546).

Badami is correct that he is immune from this suit because he acted at all times pursuant to orders of the Bankruptcy Court. *See Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989) ("Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order."); *Yadkin Valley Bank & Trust Co. v McGee*, 819 F.2d 74, 76 (4th Cir. 1987) (bankruptcy trustee immune if acting "under the direct orders of the court").

Plaintiff's claims all arise from Badami's sale of the assets to APC, the removal of the assets by APC, and a distribution of the proceeds to West Gate. As described above, Badami acted pursuant to Court order with respect to all of the foregoing items and, therefore, Plaintiff has failed to state a claim against Badami.

Further, it is clear that Plaintiff's claims against Badami have been fully litigated in the Bankruptcy Court and at times, the appellate courts, and are barred as a matter of law by res judicata.

> The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as "res judicata." Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id.* at 748-749.

*Taylor v. Sturgell*, ___ U.S. ___, 128 S. Ct. 2161, 2171 (2008) (footnote omitted). A final judgment by a court of competent jurisdiction on the merits of an action precludes the same parties or their privies from relitigating issues that were or could have been raised in that action. *Ladd v. Ries (In re Ladd)*, 450 F.3d 751, 753 (8th Cir. 2006).

Accordingly, the claims against Badami should be dismissed, with prejudice.

*West Gate Bank's Motion to Dismiss*

Plaintiff's claims as to West Gate essentially arise out of the distribution of the net auction proceeds. West Gate asserts that the claims against it are barred by res judicata. West Gate bases much of its position on the Bankruptcy Court's ruling authorizing Badami to distribute the net auction proceeds to West Gate (Fil. #237 in Case No. BK05-43546). However, the order expressly stated that Plaintiff might have a claim against West Gate arising out of the so-called "abandonment" document, but the trustee was bound to deliver the proceeds to West Gate as the apparent secured creditor.

It is clear that the order authorizing the trustee to distribute the proceeds to West Gate was not intended to preclude Plaintiff from making a claim against West Gate with regard to the proceeds of the collateral and the abandonment document. Therefore, while Plaintiff's various causes of action may not all state a claim against West Gate, this Court cannot say that Plaintiff has failed to state any claim against West Gate.

Plaintiff seeks remand of this action to the Nebraska state court system. Bankruptcy courts have non-exclusive jurisdiction over proceedings arising in or related to a case under title 11. *See* 28 U.S.C. § 157(b)(1) and § 1334(b). "Core proceedings" are those which arise only in bankruptcy or involve a right created by federal bankruptcy law. *Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 773 (8th Cir. 1995). A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. *See* 28 U.S.C. § 157(c)(1). The test for whether a civil proceeding is related to a case under title 11 is whether the outcome of the proceeding could conceivably have any effect on the bankruptcy estate. *Dogpatch Prop., Inc. v. Dogpatch U.S.A., Inc. (In re Dogpatch, U.S.A., Inc.)*, 810 F.2d 782, 786 (8th Cir. 1987). In other words, if the outcome of the civil proceeding could alter the debtor's rights, liabilities, options, or freedom of action and in any way impacts upon the handling and administration of the bankruptcy estate, the action is related. *Id.* In light of the foregoing ruling that this case should be dismissed as to Badami, the outcome of the litigation between Plaintiff and West Gate regarding the sale proceeds and the abandonment document will not have any conceivable impact on the bankruptcy estate. Plaintiff has pled only state-law claims and the parties are not diverse, so there is no federal jurisdictional basis for maintaining the case in the Bankruptcy Court. Accordingly, this case should be remanded to the District Court of Lancaster County, Nebraska, to pursue any valid claims Plaintiff may have against West Gate, and to amend the complaint to remove Badami as a defendant.[1]

---

[1] Even if jurisdiction existed for the Bankruptcy Court to hear this case, all six elements of mandatory abstention under 28 U.S.C. § 1334(c)(2) have been met, so the Court is obligated to abstain and remand the case. Those elements are: (1) whether a timely motion is made; (2) whether the claim or cause of action is based upon state law; (3) whether the claim or cause of action is
(continued...)

IT IS ORDERED:

1. The Motion to Dismiss filed by Badami (Fil. #4) is granted, and the claims asserted against Badami are hereby dismissed, with prejudice;

2. The Motion to Dismiss filed by West Gate (Fil. #14) is denied; and

3. The Amended Motion for Remand filed by Plaintiff (Fil. #9) is granted in part as to the remaining claims against West Gate and denied as to Badami.

DATE: August 18, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Terry K. Barber
    *James Overcash
    *Brian S. Kruse
    Joseph H. Badami
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[1](...continued)
related to a bankruptcy case, but did not arise in or under the bankruptcy case; (4) whether the only basis for original jurisdiction in federal district court is the bankruptcy filing; (5) whether the action has already commenced in state court; and (6) whether the action can be timely adjudicated in the state court system. *Transamerica Fin. Life Ins. Co. v. Merrill Lynch & Co, Inc.*, 302 B.R. 620, 626-27 (N.D. Iowa 2003); *Fitzgeralds Sugar Creek, Inc. v. Kansas City Station Corp. (In re Fitzgeralds Gaming Corp.)*, 261 B.R. 1, 8 (Bankr. W.D. Mo. 2001).