IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-43546-TJM |
| | ) | |
| SHADE, INC., | ) | CH. 7 |
| | ) | |
|                   Debtor. | ) | |
| JACK L. IRWIN, | ) | ADV. NO. 08-4033-TLS |
| | ) | |
|                   Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WEST GATE BANK and, | ) | |
| JOSEPH H. BADAMI, as Trustee of the | ) | |
| Bankruptcy Estate of Shade, Inc., | ) | |
| | ) | |
|                   Defendants. | ) | |

## **ORDER**

Hearing was held in Lincoln, Nebraska, on June 26, 2008, on Motions for Fees and Costs filed by Defendants Joseph H. Badami (Fil. #5) and West Gate Bank (Fil. #15), and Resistances filed by Plaintiff Jack Irwin (Fils. #17 and 19). Terry K. Barber appeared for Plaintiff, James Overcash appeared for Joseph H. Badami ("Badami"), and Brian S. Kruse appeared for West Gate Bank ("West Gate").

On September 9, 2005, Shade, Inc. ("Debtor") filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Nebraska, Case No. BK05-43546. The case was later converted to a Chapter 7 proceeding and Defendant Joseph H. Badami was appointed Trustee of the bankruptcy estate.

On July 31, 2006, Badami filed a motion in the bankruptcy case to sell various items of Debtor's personal property ("Shade Property") at public auction. The Shade Property was located on real estate owned by Plaintiff and leased to Debtor. Plaintiff resisted Badami's motion to sell, but participated in the auction and bid on the Shade Property. Plaintiff was not the high bidder and the Bankruptcy Court ultimately confirmed the sale of the Shade Property to Advanced Polymer Coatings, Ltd. ("APC") for a price of $181,000.00. Plaintiff filed a motion to reconsider the sale, and then appealed the order (Fil. #168 in Case No. BK05-43546), which ruling was subsequently affirmed by the United States District Court for the District of Nebraska in May 2007 (Fils. #223 and #224).

In September 2006, APC attempted to remove the Shade Property from Plaintiff's building, but Plaintiff disputed the removal and refused to allow APC access to the building. Badami brought

the matter to the attention of the Court which ordered Plaintiff to allow APC to remove the Shade Property without interference (Fil. #185 in Case No. BK05-43546).

In January 2007, after APC had removed the Shade Property from Plaintiff's building, Plaintiff filed an application for administrative expenses seeking $221,456.73. Plaintiff asserted that APC damaged and/or converted items of Plaintiff's property during the removal of the Shade Property, and specifically claimed $121,553.00 for personal property and fixtures owned by Plaintiff that were removed from the buildings "with the implied approval and consent of the Trustee" and $19,939.88 for damage to Plaintiff's real property (Fils. #205 and #215 in Case No. BK05-43546).

The Court ruled that Badami and the bankruptcy estate were not responsible for the alleged actions of the purchaser and denied any administrative claim for damages caused by the purchaser in removal of the Shade Property and denied any claim against the bankruptcy estate for removal of any of Plaintiff's property. The only administrative claim this Court allowed was for post-petition rent, utilities, and repairs of frozen water pipes (Fil. #238 in Case No. BK05-43546). Plaintiff did not appeal that decision.

On the same day that Plaintiff's administrative claim related to the removal of property was denied, this Court also entered an order authorizing Badami to distribute the net proceeds to West Gate, the apparent secured creditor. Plaintiff had urged that West Gate had relinquished its security interest and entitlement to the collateral proceeds by execution of a document entitled "Abandonment." Plaintiff asserted that as a result of the abandonment document, he had an interest in the proceeds which took priority over that of West Gate. The order overruling Plaintiff's objection stated:

> The "ABANDONMENT" document is not an assignment of a perfected security interest and it is not a release of the perfected security interest. The document may give Mr. Irwin some claim against West Gate Bank, but as between the trustee and the secured creditor, it is the trustee's obligation to turn over the proceeds and the personal property to the secured creditor.

Accordingly, Badami paid the net proceeds to West Gate.

Plaintiff commenced this adversary proceeding in the District Court of Lancaster County, Nebraska, Case No. CI08-1608. Badami caused it to be removed to this docket. In this action, Plaintiff seeks compensation and damages arising from APC's conversion of certain fixtures belonging to Plaintiff and destruction of Plaintiff's fixtures and other personal property. Plaintiff also seeks damages resulting from the payment of the auction sale proceeds from the Shade Property to West Gate. Plaintiff has asserted those claims in six "claims for relief," including declaratory judgment, breach of fiduciary duty, conversion, breach of contract, unjust enrichment, and constructive trust.

Badami and West Gate both moved for dismissal of the claims against them. By separate order, Badami's motion to dismiss was granted, and West Gate's motion to dismiss was denied. The parties also request an award of fees and costs for dealing with Irwin's litigation. Since West Gate's motion to dismiss was denied, there is no basis for awarding West Gate its fees and costs. The remainder of this order will address Badami's claim for fees and costs.

Plaintiff acknowledges that prior to filing this action, he previously filed an adversary proceeding in this Court against APC, Shade, Badami, and West Gate (Adv. Proc. No. A07-4064-TJM). The claims in that proceeding were virtually identical to the claims in this proceeding. Badami and West Gate filed motions to dismiss that proceeding and Plaintiff voluntarily dismissed them as defendants. Federal Rule of Bankruptcy Procedure 7041 provides that if a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court may order the plaintiff to pay all or part of the costs of that previous action.

Courts are split as to whether the language of Rule 7041(d) allows the court to award attorney fees as part of the costs of an action. *Compare Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 874 (6th Cir. 2000) (holding that attorney fees are not available under Rule 41(d) because the rule does not explicitly provide for them) *and Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000) (holding that attorney fees are recoverable under Rule 41(d) only when the underlying statute allows such fees as part of the costs) *with Cadle Co. v. Beury*, 242 F.R.D. 695, 697-98 (S.D. Ga. 2007) (holding that Rule 41(d) gives the court authority to award attorney fees because the rule drafters consider fees a part of costs) *and Wason Ranch Corp. v. Hecla Mining Co.*, 2008 WL 906110, at *17 (D. Colo. Mar. 31, 2008) (holding that unpublished authority in the Tenth Circuit permits attorney fees to be awarded under Rule 41(d)). In the Eighth Circuit, the rule is interpreted to allow the award of attorney fees as well. *Evans v. Safeway Stores, Inc.*, 623 F.2d 121, 122 (8th Cir. 1980) (per curiam) (affirming an award of attorney fees under Rule 41(d) without discussion); *Behrle v. Olshansky*, 139 F.R.D. 370, 374 (W.D. Ark. 1991) ("Surely, Congress intended that that provision of the federal rules have some 'teeth' . . . . The court believes and finds that Congress must have intended when Rule 41(d) was adopted to give the court discretion to include reasonable attorney's fees in the 'costs' that could be imposed."). *But see Simeone v. First Bank Nat'l Ass'n*, 125 F.R.D. 150, 155 (D. Minn. 1989) (holding that attorney fees are not recoverable under Rule 41(d) because the language of the rule references only costs, not fees) *and CIVCO Med. Instruments Co., Inc. v. Protek Med. Prods., Inc.*, 231 F.R.D. 555, 564 (S.D. Iowa 2005) (applying the general rule of attorney fees and holding that *Evans* is not controlling because it was not based specifically on the language of the rule). Accordingly, Badami is entitled to fees and costs incurred in the first action.

Badami also seeks fees and costs under the "Barton Doctrine." As described by the United States Bankruptcy Court for the District of Nebraska in *In re Krikava,* 217 B.R. 275, 277 (Bankr. D. Neb. 1998): "Under *Barton v. Barbour*, 104 U.S. 126, 26 L. Ed. 672 (1881), leave of the appointing bankruptcy court is required before debtor may sue the Chapter 7 Trustee . . . in another forum . . . ." Plaintiff failed to obtain bankruptcy court approval before commencing this action in state court. Pursuant to its inherent sanction power and its equitable authority under 11 U.S.C.

§ 105(a), the Court may assess sanctions for the unauthorized filing of the state court lawsuit. *In re Martin*, 287 B.R. 423, 436 (Bankr. E.D. Ark. 2003); *Ross v. Strauss (In re Ross)*, 231 B.R. 74, 80 (Bankr. W.D. Mo. 1999). To exercise its inherent authority to assess attorney fees as a sanction, the Court must find that party to be sanctioned acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). A party shows bad faith by delaying or disrupting the litigation, hampering enforcement of a court order, filing a complaint or motion to harass another party or to cause an unnecessary increase in the cost of the litigation. *Id.* at 46.

Plaintiff has attempted to frustrate the Trustee's efforts in this case at every turn. The Bankruptcy Court has denied Plaintiff's claims, as have the appellate courts. Plaintiff cannot simply start over and make the same claims again, only in state court. Plaintiff has not acted in good faith. Therefore, Badami is entitled to his fees and costs for removing the state court action to this Court.

Badami also seeks fees and costs in this proceeding asserting it is frivolous due to his immunity from suit and the issues having been previously litigated. He did not request sanctions under Rule 9011, and the Bankruptcy Court has no clear authority to impose sanctions under 28 U.S.C. § 1927, *Brown v. Mitchell (In re Ark. Cmties, Inc.)*, 827 F.2d 1219, 1221 (8th Cir. 1987), so any sanctioning power arises from the court's inherent authority and § 105. *Walton v. LaBarge (In re Clark)*, 223 F.3d 859, 864 (8th Cir. 2000). As noted above, assessment of attorney fees under the inherent power of the court requires due process and a finding of bad faith. *Roadway Express, Inc.*, 447 U.S. at 765-66; *Chambers*, 501 U.S. at 50. As discussed above, in this case Plaintiff disregarded the established law of the case in filing the state court lawsuit, and disregarded the trustee's judicial immunity in suing him for actions taken in his official capacity. Therefore, Badami is entitled to his fees and costs in this action.

IT IS ORDERED: The Motion for Fees and Costs filed by West Gate (Fil. #15) is denied, and the Motion for Fees and Costs filed by Badami (Fil. #5) is granted. The Trustee shall file evidence of his fees and expenses within 14 days after the date of this Order. Upon such filing, the reasonableness of the fees and costs will be considered and a subsequent Order will be entered. This Order shall not be final for purposes of appeal until such subsequent Order is entered.

DATE: August 18, 2008.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    Terry K. Barber
    *James Overcash
    *Brian S. Kruse
    Joseph H. Badami
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.